
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ROBERT G. ADAMS, | CIV. 08-4139 |
| Plaintiff, | |
| -vs- | AMENDED ORDER ON MOTION FOR ATTORNEYS FEES |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Plaintiff's Motion for Attorney's Fees and Costs (Doc. 23). Plaintiff requests an award of attorney's fees in the amount of $7,429.00, plus $445.74 in sales tax, pursuant to the Equal Access to Justice Act (hereafter "EAJA"), 28 U.S.C. § 2412(d), as well as expenses of $28.76 pursuant to 28 U.S.C. § 2412(a) and 28 U.S.C. § 1920. The amounts are requested to be paid directly to Plaintiff's attorney pursuant to his written agreement with him (See Docs. 23-3 and 23-7).

The parties have stipulated to an award of $6800.00 in attorney's fees, $408.00 in sales tax, and $28.76 in expenses. (See Doc. 23-2).

## BACKGROUND

Plaintiff filed a claim for disability insurance benefits. After an Administrative Law Judge (ALJ) denied benefits and the Appeals Council denied review, Plaintiff appealed the ALJ's decision to this Court pursuant to 42 U.S.C. § 405(g). Plaintiff sought reversal of the Commissioner's final decision or remand of the case for a further hearing, and an award of attorney's fees under the EAJA on the grounds that the Commissioner's action was not substantially justified. (Doc.1). After the case was fully briefed (Docs. 15, 17 & 18), the Magistrate Judge recommended to the District Court that the case be remanded to the agency for an appropriate calculation of benefits due. (Doc. 20).

On December 21, 2009, the District Court entered an Order granting the Plaintiff's motion for summary judgment, and reversing and remanding the case to the Commissioner pursuant to § 405(g).

On January 19, 2010, Plaintiff's attorney filed this motion requesting an award of attorney's fees and costs pursuant to EAJA. The time record for attorney Steven Pfeiffer, setting forth the time he spent on this social security appeal, is attached to the motion (Doc. 23).

## DISCUSSION

Pursuant to EAJA, a court:

> shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . , incurred by that party in any civil action (other that cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Plaintiff timely filed his petition for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(B) (within thirty days after final judgment). Accordingly, Plaintiff's attorney is entitled to fees and expenses if (1) Plaintiff was the prevailing party; and (2) the Commissioner's position was not substantially justified.

The Supreme Court has held that a social security claimant who obtains a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency is a "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The Court's December 21, 2009, Order was entered pursuant to sentence four of § 405(g). Upon entry of the December 21 Order, Plaintiff became a prevailing party entitled to seek attorney's fees under EAJA. *Id.*

The Commissioner bears the burden of proving his position was substantially justified. See *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). Subsequent to the Order for reversal and remand with directions to award benefits, the Commissioner has submitted nothing that would allow the Court to determine the Commissioner's position was substantially justified. The Commissioner, therefore, has not borne his burden of

proving his position was substantially justified within the meaning of the EAJA. It is noted, however, that the Commissioner's failure to contest the Plaintiff's motion for attorney's fees and costs is not construed by the Court as a concession by the Commissioner on the issue of whether his position was substantially justified.

The Court must next determine whether the amount requested by Attorney Pfeiffer is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The Commissioner has stipulated to an award of $6,800 in attorneys fees plus sales tax and expenses, and the Court has carefully reviewed the time record submitted by Attorney Pfeiffer and finds that the time expended and the hourly rates are reasonable. The award of attorney fees shall constitute a complete release from and bar to any claims Plaintiff may have relating to EAJA fees and expenses arising out of this social security appeal.

## ORDER

Accordingly, IT IS ORDERED:

1. The motion for attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d) (Doc. 23) is GRANTED and Plaintiff is awarded attorney fees in this social security appeal in the total amount of $6800.00 plus sales tax of $408.00 and expenses of $28.76 to be paid in accordance with the terms which have been agreed upon between Plaintiff and Attorney Pfeiffer.

2. Plaintiff is awarded costs under 28 U.S.C. § 1920 in an amount to be determined by the Clerk upon the filing of a Bill of Costs.

Dated this 4 day of March, 2010.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge